IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TONIA MATTHIAS, Individually and as
Next Friend to MASON JONES                                                            PLAINTIFFS

v.                                     No. 4:11-cv-00651 BRW

BRYANT SCHOOL DISTRICT, a Public Body Corporate,
RANDY RUTHERFORD, In His Individual and Official
Capacity as Superintendent of the Bryant School District,
a Public body Corporate, SANDRA PORTER, RHONDA SANDERS,
JOE WISHARD, DAVID MOORE, and SCOTT HART, In Their
Individual and Official Capacities as Members of the Board of
Education for the Bryant School District, a Public Body Corporate        DEFENDANTS

## CONSENT PROTECTIVE ORDER

This lawsuit is presently in the discovery process, and it appears that such discovery may involve review of highly sensitive and confidential information about Plaintiff, Plaintiff's minor child, and other minor students who attend school in the Bryant School District. Accordingly, good cause having been shown within the meaning of the applicable laws and procedural rules, and it appearing that the parties consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

1.      All documents produced and information produced by the parties in the categories set forth above which are designated as "confidential" shall be treated as such by all parties to this litigation. Such confidential documents, and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively in this action and for no other purpose. The confidential designation status shall specifically survive this litigation.

2.      Documents and information designated confidential may be used only in connection with this case and may not be disclosed to persons not parties to this lawsuit.

3. If confidential documents are used or the names of students in the District are mentioned during depositions, the deposition shall be treated as confidential in accordance with paragraph (1), *supra*.

4. Any document, information or deposition designated as confidential under this Order shall, when filed with the court, be clearly marked "confidential," sealed, placed in separate, secure, storage by the clerk, and opened only by authorized court personnel.

5. Documents and other material designated as confidential pursuant to the terms of this Order may be disclosed only to trial counsel and employees or professional assistants of trial counsel who have a bona fide need to review the information or contents of the documents to aid effectively in the preparation of a party's case. Disclosure to persons other than trial counsel or employees or professional assistants of trial counsel shall be conditioned upon (a) the written agreement of the producer or provider of the confidential information, or (b) an order of the court directing disclosure; any such disclosure shall be further conditioned upon execution of a statement of confidentiality identical to Exhibit "A" attached hereto.

6. Upon dissemination of any of the information furnished by the parties to any other person, firm, or organization, the parties by whom such information was disseminated shall maintain a list of the names, addresses, place of employment, and capacity of all persons to whom the information is disclosed until further order of the court.

7. Each person examining the subject documents and/or notes to whom any of the contents thereof are disseminated hereby agrees to be subject to the jurisdiction of this court for contempt in any other appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

8. This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the parties to this lawsuit, and for good cause shown.

9. Entry of this Order shall not preclude the parties from objecting to production of documents or information which it deems confidential or not discoverable.

10. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

IT IS SO ORDERED, this 16th day of August, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

Consented to:

PORTER LAW FIRM
323 Center Street, Suite 1300
Little Rock, AR 72211
Phone: (501) 244-8200
Fax:    (501) 372-5567
aporte5640@aol.com

By:      **/s/ Austin Porter Jr.**
         Austin Porter Jr., Bar Number 86145

BEQUETTE & BILLINGSLEY, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
E-mail: jbequette@bbpalaw.com

By:      **/s/ Jay Bequette**
         Jay Bequette, Bar Number 87012

O:\~In WRW box to sign~\Consent Protective Order.wpd

# **EXHIBIT "A"**

      By signing this document, I hereby certify that I have read the Protective Order entered by the Court in *Tonia Matthias, Individually and as Next Friend to Mason Jones v. Bryant School District, et al.*, United States District Court, Eastern District of Arkansas, Western Division, Case No. 4:11-cv-00651-BRW, on the _____ day of _____, 2012.  I understand that Order and agree to abide by its contents by not disclosing confidential information to anyone, except as required by lawful judicial process.

NAME:_____

DATE:_____

STATE OF ARKANSAS    )
                                    ) ss.
COUNTY OF               )

      SUBSCRIBED AND SWORN to before me this ____ day of _____, 2012.

_____
Notary Public

My commission expires:

_____